UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

FILED BY _____ D.C.

05 AUG 30 PM 5: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA

-v-

TIWANN DeWAYNE JEFFERSON

03-20364-02-Ma

J. Patten Brown, III, FPD
Defense Attorney
200 Jefferson Avenue, Suite 200
Memphis, Tennessee  38103

---

# JUDGMENT IN A CRIMINAL CASE
## (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 of the Indictment on May 23, 2005.  Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113(a) 18 U.S.C. § 2 | Armed Bank Robbery; aiding and abetting | 09/11/2003 | 1 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

**Count 2 is dismissed on the motion of the United States.**

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    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
Defendant's Date of Birth:   01/31/1976
Deft's U.S. Marshal No.:     19176-076

Date of Imposition of Sentence:
August 24, 2005

Defendant's Residence Address:
1717 Castex, Apt. 3
Memphis, TN 38109

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

August_____ 2 9 , 2005

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on ___9-10-05___

151

Case No: 03-20364-02-Ma
Defendant Name: Tiwann DeWayne Jefferson

Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **forty-one (41) months**.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.   **Defendant shall be allowed ninety (90) days to report to the designated facility.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this
judgment.

_____
                                                        UNITED STATES MARSHAL

By:_____
                                                        Deputy U.S. Marshal

Case No: 03-20364-02-Ma
Defendant Name: Tiwann DeWayne Jefferson

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten (10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

Case No: 03-20364-02-Ma
Defendant Name: Tiwann DeWayne Jefferson

Page 4 of 5

10.     The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13.     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.     The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.

2.     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

3.     The defendant shall provide the Probation Officer access to any requested financial information.

4.     The defendant shall pay restitution in regular monthly installments of not less than 10% of gross monthly income.

5.     The defendant shall notify the U.S. Attorney and the Court of any material change in economic circumstances that may affect defendant's ability to pay restitution.

Case No: 03-20364-02-Ma
Defendant Name: Tiwann DeWayne Jefferson

Page 5 of 5

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. **The Interest requirement is waived.** All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| $100.00 | | $2141.00 |

The Special Assessment shall be due immediately.

## FINE
No fine imposed.

## RESTITUTION

Restitution in the amount of **$2141.00** is hereby ordered. The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|:---|:---:|:---:|:---:|
| CUMIS Insurance Society, Inc. | $2,141.00 | $2,141.00 | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 151 in
case 2:03-CR-20364 was distributed by fax, mail, or direct printing on
September 6, 2005 to the parties listed.

---

Lee Howard Gerald
LAW OFFICE OF LEE GERALD
8 S. Third St.
Fourth Floor
Memphis, TN 38103

Tony R. Arvin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

J. Patten Brown
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT